(C. D. 663)

OXFORD UNIVERSITY PRESS, NEW YORK, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 10, 1942)

*Lane & Wallace* (*William H. Fox* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is a suit against the United States brought by the plaintiff for the recovery of certain duty alleged to have been improperly assessed by the collector of customs at the port of New York on an importation of printed books. According to the red-ink notation on the invoice, the examiner advisorily classified the merchandise in question as books of foreign authorship, in chief value of Bible paper, weighing between 10 and 20½ pounds per ream, dutiable at 2 cents per pound plus 10 per centum ad valorem under paragraph 1404 of the Tariff Act of 1930, and the trade agreement with the United Kingdom, effective January 1, 1939 (T. D. 49753), which was followed by the collector. Plaintiff claims the said books to be dutiable at only 7½ per centum ad valorem as books of bona fide foreign authorship, bound in other than leather, under paragraph 1410 of said act of 1930, as modified by said trade agreement.

Paragraph 1404 of the Tariff Act of 1930, so far as relevant, reads as follows:

PAR. 1404. Papers commonly or commercially known as tissue paper, stereotype paper, and copying paper, *india and bible paper,* * * * tissue paper for waxing, and all paper similar to any of the foregoing, not specially provided for, *colored or uncolored, white or printed,* weighing not over six pounds to the ream, and whether in sheets or any other form, 6 cents per pound and 20 per centum ad valorem; weighing over six pounds and less than ten pounds to the ream, 5 cents per pound and 15 per centum ad valorem; *india and bible paper* weighing ten pounds or more and less than twenty and one-half pounds to the ream, 4 cents per pound and 15 per centum ad valorem; * * * : *Provided,* That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall be subject to a less rate of duty than that imposed upon the component paper of chief value of which such article is made: * * * . [Italics ours except the word "Provided."]

The protest has been submitted for decision upon the following stipulated facts, which so far as relevant, read as follows.

It is stipulated and agreed between counsel, in the matter of the above protest, that the book submitted herewith and marked Exhibit 1 is a true and correct sample of the books invoiced as "75 Fowler. Mod. English Usage *I. P.* Cloth. T."; and that said book may be received in evidence herein as Exhibit 1.

That said Exhibit 1, which was assessed for duty at 2¢ per lb. plus 10% under Par. 1404, Tariff Act of 1930, by virtue of the Trade Agreement with the United Kingdom (T.D. 49753), consists of a printed, bound book, not bound wholly or in part in leather, of bona fide foreign authorship, and is not for children's use.

That said Exhibit 1 is composed in chief value of its pages, which consist of printed bible paper weighing more than 10 lbs. and less than 20½ lbs. to the ream.

It is conceded by counsel for the Government in his brief that were it not for the proviso in said paragraph 1404 "That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall be subject to a less rate of duty than that imposed upon the component paper of chief value of which such article is made," the merchandise would be properly dutiable as books of bona fide foreign authorship at 7½ per centum ad valorem under said paragraph 1410 and said trade agreement as claimed.

Counsel for the plaintiff in their brief argue that Congress having expressly provided for certain india and Bible papers in paragraph 1404 of said act of 1930, according to weight, color, and condition, and for certain other india and Bible papers according to weight only, it raises the inference, under the rule of *expressio unius est exclusio alterius*, that it intended only such india and Bible papers as meet the express conditions of said paragraph to be dutiable thereunder, and that all other india and Bible papers should be excluded therefrom.

In this connection it is then stated that Congress has made three separate provisions for "india and bible paper." That the first covers "india and bible paper, * * * not specially provided for, colored or uncolored, white or printed, weighing not over six pounds to the ream, and *whether in sheets or any other form*, 6 cents per pound and 20 per centum ad valorem." That the second covers "india and bible paper, * * * not specially provided for, colored or uncolored, white or printed, * * * weighing over six pounds and less than ten pounds to the ream, 5 cents per pound and 15 per centum ad valorem." And that the third covers "india and bible paper weighing ten pounds or more and less than twenty and one-half pounds to the ream, 4 cents per pound and 15 per centum ad valorem."

Attention is then drawn to the fact that in the second provision above set forth Congress omitted the phrase "whether in sheets or any other form," which follows the weight limitation in the first provision, from which it is argued therefore that all forms of india and Bible papers weighing over 6 pounds and less than 10 pounds to the ream were not intended to be dutiable under the second provision.

Counsel for the plaintiff in their brief then state that in the third provision Congress made a new provision expressly limited to india and Bible paper weighing 10 pounds or more and less than 20½ pounds to the ream, omitting any reference to color, printing, or form, thus providing only for india and Bible papers of said specified weight, unprinted.

Frankly, we find it difficult to see any sound logic or reasoning in the above argument. In our opinion, the language of said paragraph 1404 is so plain and unambiguous as not to call for any refined rule of

statutory construction, nor do we think the rule of *expressio unius est exclusio alterius* is at all applicable herein. Note *Yardley & Co., Ltd.* v. *United States*, 22 C. C. P. A. 390, T. D. 47400.

A casual reading of paragraph 1404 shows that the first provision covers various kinds of paper, including india and Bible paper, not specially provided for, colored or uncolored, white or printed, of a weight of not over 6 pounds to the ream, and whether in sheets or any other form, at a particular rate. The following clause then simply provides a less rate of duty on the same kind of paper when weighing over 6 and less than 10 pounds to the ream. We can see no merit in the contention of plaintiff's counsel that because the second provision does not repeat and enumerate all of the specifications of the papers mentioned in the first provision, they do not modify or qualify the second provision for india and Bible paper weighing over 6 and less than 10 pounds to the ream. Such repetition of said specifications in said second provision, we think, would have been entirely unnecessary and superfluous, as obviously the first and second provisions are intended to cover the identical merchandise, except that said second provision provides a less rate of duty on said specified papers of a weight over 6 and less than 10 pounds to the ream.

The third clause of said paragraph 1404, it will be noticed, simply provides for "india and bible paper weighing ten pounds or more and less than twenty and one-half pounds to the ream," at a still lower rate than that provided in the first and second provisions. Here again, according to the construction and punctuation of paragraph 1404, that provision must be taken as covering the same kind of india and Bible paper as specified in the first provision, namely, "colored or uncolored, white or printed * * * and whether in sheets or any other form." So far as we can see, the only reason that Congress repeated the words "india and bible paper" in the third provision was simply because it desired to limit paper of the weight therein stated to india and bible paper, and so as not to include any other tissue papers, or similar papers. Therefore, so far as Bible paper is concerned, paragraph 1404 provides three different rates of duty on such paper colored or uncolored, white or printed, and whether in sheets or any other form, according to the weight per ream.

If, as contended by plaintiff, Congress had intended to exclude from the provisions for Bible paper weighing over 10 and less than 20½ pounds to the ream, Bible paper colored or uncolored, white or printed, it would have rendered such provision meaningless and without effect, as we cannot conceive of any Bible paper that is not either colored or uncolored, white or printed.

The fourth clause of said paragraph 1404 reads: "*Provided*, That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall be subject to a less rate of duty than

that imposed upon the component paper of chief value of which such article is made." Clearly this applies to all the india and Bible paper covered by said paragraph, whether colored or uncolored, white or printed, and whether in sheets or any other form. And as it has been expressly stipulated herein that exhibit 1, representing the merchandise in question, is composed in chief value of its pages, which consist of printed Bible paper weighing more than 10 and less than 20½ pounds to the ream, the imported merchandise comes directly within the minimum rate of duty provision of said paragraph 1404. Therefore, as the duty of 7½ per centum ad valorem on the merchandise under paragraph 1410 of said act of 1930, as modified by the trade agreement with the United Kingdom, is less than the duty of 2 cents per pound plus 10 per centum ad valorem, under paragraph 1404, as modified by said trade agreement, the latter assessment must prevail under the minimum rate proviso to said paragraph 1404.

A further point made by plaintiff is that, even though the books in question are composed wholly or in chief value of one of the papers specified in paragraph 1404, they are nevertheless not subject to the rates of duty prescribed therein, for the reason that said proviso does not include books.

Clearly the language "no article" in said proviso is very broad and and all inclusive, and, as a minimum rate provision, extends to articles of books as well as any other articles when made in chief value of any of the kinds of paper described in said paragraph 1404, and would seem to permit of no exception except by express language or clear Congressional intent. That a book is an article within the purview of said paragraph 1404 we think can hardly be seriously disputed. We therefore see no merit in this second contention.

Another point raised by the plaintiff is that the imported books are more specifically covered by said paragraph 1410, as books or printed matter of bona fide foreign authorship, than under the provision of said paragraph 1404 as articles composed wholly or in chief value of printed Bible paper weighing over 10 and under 20½ pounds per ream, for the reason that it has been held in *United States* v. *Field*, 14 Ct. Cust. Appls. 376, T. D. 42031, that no articles not susceptible of authorship are classifiable under either subdivision 1 or 2 of paragraph 1310 of the Tariff Act of 1922 (the predecessor of paragraph 1410 of the act of 1930). In other words, if the provision for Bible paper in paragraph 1404 included printed Bible paper, it would, under the decision in the *Field* case, *supra*, include only such printed matter as was not susceptible of authorship, because printed matter susceptible of authorship is specifically provided for under paragraph 1410.

We again can see no merit in this third contention of the plaintiff: The printed Bible paper provision in said paragraph 1404 is not qualified in any way so as to limit its operation to paper the printing on

which may be said to be susceptible of authorship. The plain fact remains that the printed books under consideration are composed in chief value of printed Bible paper, which is one of the kinds of paper specified in said paragraph, and, as such, undoubtedly become subject to the said proviso in said paragraph 1404. The said proviso is no doubt far reaching and mandatory in its effect, and would seem to apply to all dutiable books or printed matter embraced or included in other paragraphs of the tariff act, unless excepted therefrom by the tariff act itself, or by clear Congressional intent.

Another contention of the plaintiff in its brief is that books made of Bible paper were never intended to be affected by the said proviso in paragraph 1404. It will be noted, however, that the negotiators of the trade agreement with Belgium, T. D. 47600, which became effective May 1, 1935, recognized that books in chief value of Bible paper were subject to the minimum rates provided by said proviso. The agreement provides that prayer books and sheets or printed pages of prayer books composed in chief value of india or Bible paper should not be subject, by virtue of the first proviso in paragraph 1404, of the Tariff Act of 1930, to a higher rate of duty than 3 cents per pound and 10 per centum ad valorem. At that time the rate for india or Bible paper weighing over 10 and less than 20½ pounds per ream was 4 cents per pound and 15 per centum ad valorem. This seems to demonstrate that the rates of duty on books in chief value of india or Bible paper were considered subject to no less a rate of duty than for the paper itself.

In the case of *Pollak* v. *United States*, 18 C. C. P. A. 219, T. D. 44402, certain hats composed in chief value of tissue paper were classified and assessed for duty under paragraph 1313 of the Tariff Act of 1922, as manufactures in chief value of paper, not specially provided for, at 35 per centum ad valorem. The importer claimed the same to be dutiable under paragraph 1304 of that act, as articles composed in chief value of tissue paper, the contention of the importer being that the proviso in said paragraph 1304 (which is similar to the one in paragraph 1404 of the present act) was intended by Congress to provide a primary and maximum rate of duty for all articles composed wholly or in chief value of any of the papers provided for in the paragraph, and that as the involved articles were composed in chief value of tissue paper they were more specifically provided for in said paragraph 1304 than as manufactures in chief value of paper under said paragraph 1313.

Counsel for the Government contended, and it was so held by this and the appellate court, that paragraph 1304 was essentially a paper paragraph, and that the said proviso was intended to be a minimum, and not a primary or a maximum rate provision, and was resorted to only in the event that the articles composed wholly or in chief value of

any of the various kinds of paper specified in the paragraph were provided elsewhere in the act at a rate of duty less than that provided in paragraph 1304. And as the assessment of duty under said paragraph 1313 amounted to more than the combined specific and ad valorem rates provided in paragraph 1304, the assessment of duty under the former paragraph was therefore affirmed.

The principle enunciated in the above case is of course also applicable in the present case, although the claim of the plaintiff is now just the opposite to what it was in the *Pollak* case, *supra*. The merchandise now before us is admittedly also composed in chief value of one of the kinds of paper specified in paragraph 1404 of the act of 1930, namely, printed Bible paper weighing over 10 and less than 20½ pounds per ream. It happens, however, that the duty on the books in question under paragraph 1410 of said act of 1930 and said trade agreement with the United Kingdom, as books of foreign authorship, etc., would be less than the minimum rate of duty made mandatory by the said proviso to said paragraph 1404, and the latter provision therefore controls the classification and assessment of duty on the printed books at bar. Note also *United States* v. *Mason Bros. & Co.*, 2 Ct. Cust. Appls. 236, T. D. 31957.

From the stipulated facts herein, and from all of the foregoing reasoning and cited authorities, it follows that the claim of the plaintiff must be, and hereby is, overruled. Judgment will be rendered accordingly.